IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK HAMMERVOLD; | § § § | |
| Plaintiff | § § | No. 3:22-CV-01053 |
| v. | § § | |
| LARRY BECKWITH; | § § | |
| Defendant | § § § | |

**DECLARATION OF MARK HAMMERVOLD IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to 28 U.S.C. §1746, I hereby declare as follows.

1. My name is Mark Hammervold. I am over the age of twenty-one and I am competent to testify to the facts in this Declaration. The facts in this Declaration are based on my personal knowledge.

2. I am an attorney licensed to practice law in Tennessee, Florida, and Illinois. I have been admitted to practice in the Middle District of Tennessee since 2013.

3. I represented Larry Beckwith from January 18, 2016 until July 25, 2019 in connection with Beckwith's claims against Lattimore Black, Morgan, & Cain, PC, including a lawsuit I filed on Beckwith's behalf in Williamson County Circuit Court, *Larry Beckwith v. Lattimore Black, Morgan & Cain, P.C.*, Williamson County, TN Circuit Court, No. 2016-40. Brian Manookian and Rob McGuire also represented Beckwith in connection with this case.[1]

---

[1] While Rob McGuire's role in the representation was extremely limited, the communications with him were still directed towards obtaining legal advice from an attorney, and therefore should be protected by the attorney-client privilege.

4. I brought this lawsuit to resolve a fee dispute related to that representation because I worked hundreds of hours of Beckwith's behalf and created significant value for Beckwith through that work, but Beckwith claims – wrongfully – to owe me nothing for that work.

5. Due to the nature of the claim, certain allegations[2] and exhibits[3] contain privileged attorney-client communications and/or attorney work product. These allegations provide important context to the Plaintiff's claims, but should be filed under seal to maintain the confidentiality of this information.

6. Exhibit A, portions of Paragraph 21 and 51 to the Complaint, and Paragraphs 80 and 83 of the Complaint should all be permitted to be filed under seal because they reflect privileged attorney-client communications.

7. Exhibit A to the Complaint is an email between Larry Beckwith (client) and myself (as his attorney) during the pendency of their attorney-client relationship about the case in which I was representing Beckwith.

8. The redaction to paragraph 21 paraphrases the substance of that communication and should be permitted to be filed under seal for the same reason.

9. The redacted portion of paragraph 51 of the Complaint paraphrases the substance of communication between myself and Beckwith during the pendency of their attorney-client relationship about the case in which I was representing Beckwith.

10. Paragraphs 80 and 83 of the Complaint reflect the substance of communications between myself and Beckwith during the pendency of the attorney-client relationship and related to the case where I was representing Beckwith.

---

[2] *See* Dkt. 5 at ¶¶ 21, 51, 54, 57-59, 63-73, 77-78, 80, 83-87, 95, 102, footnotes 11-15.
[3] *See* Dkts. 5-1, 5-2.

11. Bill Hankins and Harold Donnelly were both attorneys employed as in-house counsel for Beckwith.

12. Exhibit C (Dkt. 1-3, 5-3), paragraphs 54-59, 63-73, 78 of the Complaint, and the redacted portion of paragraph 102 of the Complaint should be permitted to be filed under seal – and redacted from public access – because they reflect the substance of communications between some combination of Mark Hammervold, Brian Manookian, and/or Rob McGuire (who served as Beckwith's retained outside counsel) and Beckwith, Bill Hankins, and/or Harold Donnelly (who served as Beckwith's in-house counsel)[4] about those lawyers' impressions of, and thoughts about strategy for, Beckwith's pending case against Lattimore.

13. These communications were also covered by the attorney-work product privilege because they reveal those attorneys' candid impressions about and strategies for Beckwith's ongoing case.

14. Paragraphs 77 and 84 to the Complaint should be permitted to be filed under seal because they reflect attorney work product, as both allegations detail work I performed on Beckwith's case – as his attorney – which did not materialize into a filing known to the other side.

15. Stacy Koju is an attorney who was representing Beckwith during the times relevant to the allegations in which she is referenced in the Complaint.

16. Paragraphs 85, 86 and 87 of the Complaint, as well as the redacted portion of paragraph 95 of the Complaint (Dkt. 1, Dkt. 5), should be permitted to be filed under seal because they divulge the substance of communications between Hammervold (Beckwith's retained attorney) and Stacy Koju (another attorney retained by Beckwith) about Beckwith's ongoing case against Lattimore.

---

[4] Some of the communications also included Beckwith.

17. Before filing this lawsuit, I provided a draft copy of the Complaint and Exhibits to counsel for Beckwith, Stacy Koju and Jamie Cotter, who asserted that the information and communications at issue in this motion were privileged and should not be publicly filed. I then made the redactions to the initial Complaint and Exhibits (Dkt. 1), and filed this motion, mostly based on Beckwith's request, communicated through Ms. Cotter.

18. Ms. Cotter has indicated that she represents Beckwith and will appear as counsel on his behalf in this lawsuit once it commences.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of December, 2022.    Signed:

s/Mark Hammervold
Mark Hammervold

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 22, 2022, a true and correct copy of the foregoing filing was served upon the following counsel who indicate they represent the Defendant and will be appearing as counsel of record for the Defendant in this case:[5]

> Jamie Cotter (cotter@spencerfane.com)
> Spencer Fane LLP
> *Attorneys for Defendant*

The undersigned also certifies that he will serve a copy of this motion upon the Defendant and/or his authorized representative when the Complaint and Summons are served and/or along with a request that Defendant waive formal service.

*/s/ Mark Hammervold*

---

[5] *See* Hammervold Decl. ¶ 18.