IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK HAMMERVOLD; | § | |
| **Plaintiff** | § § § | No. 3:22-CV-01053 |
| v. | § § | |
| LARRY BECKWITH; | § § | |
| **Defendant** | § § § | |

## PLAINTIFF'S UNOPPOSED MOTION TO RESET INITIAL CASE MANAGEMENT CONFERENCE FOR LEAVE TO APPEAR TELEPHONICALLY

This Court recently denied Defendant's Motion to Dismiss and set a Case Management Conference on June 26, 2023 at 3:30 pm. Dkt. 29. Plaintiff Mark Hammervold will be unavailable on that date and requests this Court reset the conference. Plaintiff also requests leave of Court to appear for the Case Management Conference telephonically.

In support of Plaintiff's requests, he states as follows:

1. Plaintiff Mark Hammervold is a *pro se* plaintiff in this case, but he is also a practicing attorney.

2. Plaintiff is counsel for the plaintiffs in *Christy Palmer, et al. v. Cognizant Technology Solutions, et al.*, No. 17-6848-DMG (PLAx), which is set for trial from June 13, 2023 to June 27, 2023. *See* Dkt. 517. It is a complex *Teamsters* (pattern or practice of discrimination) class action case and is expected to require the full amount of time allotted. Plaintiff will have a co-leading role at the trial, and it will be detrimental to the class if he has to excuse himself from trial to participate in a case management conference (even telephonically).

3. Neither party will be prejudiced by resetting the date for the initial Case Management Conference.

4. This Court previously permitted Mark Hammervold to appear telephonically for the last Case Management Conference, before striking that date from the calendar. Dkt. 15.

5. Plaintiff Mark Hammervold resides out-of-state in Elmhurst, Illinois.

6. Plaintiff and Counsel for the Defendant discussed this case extensively before Plaintiff ultimately filed this lawsuit. Plaintiff has a constructive and collegial working relationship with Counsel for the Defendant and does not expect there to be much dispute, if any, about any initial case management issues.

7. Being allowed to appear telephonically would save the Plaintiff significant time and expense he would otherwise have to occur traveling to Nashville and back.

8. Prior to filing this motion, Plaintiff conferred with Counsel for the Defendant. The Defendant has no objection to resetting the date for the Case Management Conference or to Plaintiff appearing telephonically.

9. Plaintiff will also be unavailable on the following dates:

    a. June 30-July 7 (family vacation)

    b. July 17-20 (another trial)

    c. August 24-25 (family trip)

Executed this 26th day of May, 2023.

Signed:

s/Mark Hammervold
Mark Hammervold
155 S. Lawndale Ave.
Elmhurst, IL 60126
mark@hammervoldlaw.com
(405) 509-0372

*Pro Se Plaintiff*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2023, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF and through the following counsel by email:

>Jamie Cotter (cotter@spencerfane.com)
>Bethany Vanhooser (bvanhooser@spencerfane.com)
>Spencer Fane LLP
>*Attorneys for Defendant*

>*/s/ Mark Hammervold*