# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Mark Hammervold, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )   NO. 3:22-CV-01053 ) |
| Larry Beckwith, | ) ) |
|     Defendant. | ) ) |

## ANSWER BY DEFENDANT LARRY BECKWITH

Larry Beckwith ("Beckwith"), by and through counsel, answers Plaintiff's Complaint as follows:

## PARTIES

1. Denied.

## VENUE AND JURISDICTION

2. Admitted upon information and belief.

3. Admitted.

4. Denied as to the amount in controversy. Jurisdiction is not disputed.

5. Venue and jurisdiction are not disputed.

6. Venue is not disputed.

7. Paragraph 7 states a legal conclusion, to which no response is required. To the extent a response is required, Denied.

## FACTUAL BACKGROUND

8. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 8 and neither admits or denies the same.

9. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 9 and neither admits or denies the same.

10. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 10 and neither admits or denies the same.

11. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 11 and neither admits or denies the same.

12. Admit that Beckwith was the majority shareholder of LBDB Holdings, LLC f/k/a Eco Energy Holdings, Inc. ("LBDB").

13. Admitted that the entity later known as LBDB hired Lattimore in 2011 to value its common stock and stock options for financial reporting purposes. The remaining allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are admitted, except it is denied that LBDB was an existing entity at this time. Rather, the services were performed for the entity later known as LBDB.

15. The allegations in Paragraph 15 are admitted, except it is denied that LBDB was an existing entity at the time Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB.

16. The allegations in Paragraph 16 are admitted, except it is denied that LBDB was an existing entity at the time that Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB.

17. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 17 and neither admits or denies the same.

18. The allegations in Paragraph 18 are admitted, except it is denied that LBDB was an

existing entity at the time that Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB.

19. The allegations in Paragraph 19 are admitted, except it is denied that LBDB was an existing entity at the time that Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB.

20. The allegations in Paragraph 20 are admitted, except it is denied that LBDB was an existing entity at the time that Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB.

21. The allegations in the first sentence of Paragraph 21 are admitted, except it is denied that LBDB was an existing entity at the time that Lattimore performed the valuation services. Rather, the services were performed for the entity later known as LBDB. Exhibit A speaks for itself and any allegations inconsistent with that writing are denied.

22. Admitted.

23. Admitted.

24. Denied.

25. Admitted.

26. Denied.

27. Admitted.

28. Admitted.

29. Admitted that Beckwith and Manookian executed an Engagement Agreement that stated Plaintiff may assist Mr. Manookian and if so, Plaintiff would be paid by Mr. Manookian sharing his fee with Mr. Hammervold. The remaining allegations are in Paragraph 29 are denied as stated.

30. Admitted that on or about January 18, 2016, Beckwith executed an Engagement Agreement with Manookian. Denied that Plaintiff was a party to the Engagement Agreement. Exhibit B speaks for itself and any allegations inconsistent with that writing are denied.

31. Denied.

32. The Engagement Agreement speaks for itself and any allegations inconsistent with that writing are denied.

33. Admitted that a Complaint was drafted and filed in the Circuit Court for Williamson County, TN. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 33 regarding who specifically drafted the complaint and neither admits or denies the same.

34. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 34 and neither admits or denies the same.

35. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 35 and neither admits or denies the same.

36. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 36 and neither admits or denies the same.

37. Admitted upon information and belief.

38. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 38 and neither admits or denies the same.

39. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 39 and neither admits or denies the same.

40. Admitted that Lattimore retained attorney John Day to represent it. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining

allegations contained in Paragraph 40 and neither admits or denies the same.

41. Admitted upon information and belief that the Clerk did not enter Beckwith's complaint until January 26, 2016. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and neither admits or denies the same.

42. Paragraph 42 states a legal conclusion, to which no response is required. To the extent a response is required, denied.

43. Denied.

44. Admitted that a response was drafted and filed for Lattimore's dispositive motions. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 44 regarding the drafting responsibilities for the responses and neither admits or denies the same.

45. Admitted upon information and belief.

46. Admitted upon information and belief.

47. Admitted that on August 5, 2016, Judge Binkley granted Lattimore's motion for summary judgment. The remaining allegations in Paragraph 47 state legal conclusions, to which no response is required.

48. Admitted that Hammervold represented Beckwith and LBDB following August 5, 2016. All remaining allegations in Paragraph 48 are denied.

49. Admitted.

50. Admitted.

51. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 51 and neither admits or denies the same.

-5-

Case 3:22-cv-01053   Document 34   Filed 06/15/23   Page 5 of 13 PageID #: 177

52. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 52 and neither admits or denies the same.

53. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 53 and neither admits or denies the same.

54. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 54 and neither admits or denies the same.

55. Admitted.

56. Admitted upon information and belief.

57. Admitted upon information and belief.

58. The email referenced in Paragraph 58 speaks for itself and any allegations inconsistent with that writing are denied.

59. The referenced emails speak for themselves and any allegations inconsistent with these writings are denied. The remaining allegations in Paragraph 59 are admitted.

60. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 60 and neither admits or denies the same.

61. Denied as stated.

62. The first two sentences are admitted upon information and belief. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and neither admits or denies the same.

63. Denied as stated.

64. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 64 and neither admits or denies the same.

65. Denied as stated. The referenced emails in the footnotes speak for themselves and

any allegations inconsistent with these writings are denied.

66. Denied as stated. The referenced emails speak for themselves and any allegations inconsistent with these writings are denied.

67. Admitted.

68. Denied as stated. The referenced emails speak for themselves and any allegations inconsistent with these writings are denied.

69. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

70. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

71. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations regarding Hammervold and Manookian's feelings and thoughts and neither admits or denies the same. The referenced emails speak for themselves and any allegations inconsistent with these writings are denied.

72. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

73. Denied as stated.

74. Admitted upon information and belief.

75. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations regarding Hammervold's expectations related to drafting a reply brief and neither admits or denies the same. The remaining allegations in Paragraph 75 are admitted upon information and belief.

76. Beckwith lacks sufficient knowledge or information in which to form a belief as to

the truth of the allegations contained in Paragraph 76 and neither admits or denies the same.

77. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 77 and neither admits or denies the same.

78. Denied.

79. Admitted upon information and belief.

80. Admitted that Beckwith asked Hammervold for updates and that Hammervold ultimately responded to update requests. The remaining allegations in Paragraph 80 are denied as stated.

81. Admitted that the appeal remained pending for over a year after oral argument. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and neither admits or denies the same.

82. Admitted that the on March 21, 2019, the Court of Appeals issued an order reversing summary judgment with respect to Beckwith and remanding the case back to the trial court level to proceed with respect to Beckwith's claims. Denied that this result was an unequivocal win for Beckwith.

83. Admitted that Hammervold provided Beckwith notification of the opinion on that day, that there was a March 25, 2019 follow-up call to discuss, and that Hammervold stated he would keep Beckwith updated. The remaining allegations in Paragraph 83 are denied.

84. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 84 and neither admits or denies the same.

85. The referenced email speaks for itself and any allegations inconsistent with this writing is denied. Admitted that Hammervold and Koju spoke on April 12, 2019.

86. The referenced emails speak for themselves and any allegations inconsistent with

these writings are denied.

87. Admitted that Koju and Hammervold had a call on April 18, 2019. The remaining allegations in Paragraph 87 are denied as stated.

88. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 88 and neither admits or denies the same.

89. Admitted. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

90. Denied as stated. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

91. The referenced emails speak for themselves and any allegations inconsistent with these writings are denied.

92. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

93. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

94. Denied.

95. Denied.

96. Denied.

97. The referenced email speaks for itself and any allegations inconsistent with this writing is denied.

98. Admitted upon information and belief.

99. The referenced notice speaks for itself and any allegations inconsistent with this writing is denied. Beckwith lacks sufficient knowledge or information in which to form a belief

as to the truth of the allegation as to when Hammervold mailed the Notice. The remaining allegations in Paragraph 99 are denied as stated.

100. Denied as stated.

101. Denied as stated.

102. Denied.

103. Denied.

104. Denied as stated.

105. Denied as stated.

## CLAIMS
### Count I

106. Paragraph 106 contains no factual averments and thus no answer is required.

107. Denied.

108. Denied.

109. Denied.

110. Paragraph 110 states a legal conclusion, to which no response is required. To the extent a response is required, denied.

111. Paragraph 111 states a legal conclusion, to which no response is required. To the extent a response is required, denied.

112. Denied.

113. Denied as stated.

114. Denied.

115. Denied as stated.

116. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations contained in Paragraph 116 regarding the amount of time Hammervold

spent in connection with his work for Beckwith because Hammervold never provided any information to Beckwith regarding time spent or fees incurred until after the relationship between Hammervold and Beckwith ended; therefore, Beckwith neither admits or denies the same.

117. Paragraph 117 states a legal conclusion, to which no response is required. To the extent a response is required, denied.

## Count II

118. Paragraph 118 contains no factual averments and thus no answer is required.

119. Denied.

120. Denied.

121. Denied.

122. All remaining allegations that were neither Admitted nor Denied above are hereby Denied. Defendant denies that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the denials and responses contained in their Answer, Defendant asserts the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to those issues which, pursuant to law, remain the Plaintiff's to prove.

1. Failure to state a claim in whole or in part against Defendants.

2. Unclean hands.

3. If there was any breach of contract, Plaintiff breach first.

4. Hammervold violated his duties under the rules of professional responsibility.

5. Defendant reserves the right to amend this Answer and state additional affirmative defenses in light of facts or legal theories that become applicable through

subsequent disclosures, discovery, procedural issues, or modification of existing statute and defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that the Court:

a. Deny Plaintiff's prayer for relief in its entirety;

b. Dismiss the Complaint with prejudice and enter judgment in favor of Defendant; and

c. Award Defendant such other and further relief as the Court deems equitable and just, including but not limited to attorneys' fees, costs, and expenses.

Respectfully submitted,

*/s/ Bethany M. Vanhooser*
Bethany Vanhooser, BPR # 038594
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
bvanhooser@spencerfane.com

Jamie Cotter, *admitted pro hac vice*
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
jcotter@spencerfane.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a correct and true copy of the foregoing document was served on the following individuals via the Court's ECF system on June 15, 2023:

Mark Hammervold
155 S. Lawndale Ave
Elmhurt, IL  60126
mark@hammervoldlaw.com

                                        */s/ Bethany M. Vanhooser*_____