# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK HAMMERVOLD; | § |
| **Plaintiff** | § |
| | § No. 3:22-CV-01053 |
| v. | § |
| | § |
| LARRY BECKWITH; | § |
| **Defendant** | § |

## INITIAL CASE MANAGEMENT ORDER

Plaintiff Mark Hammervold and Defendant Larry Beckwith hereby submit their Joint Proposed Initial Case Management Order in advance of the Initial Case Management Conference set for July 24, 2023, and state as follows.

A.  <u>Jurisdiction</u>: Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Plaintiff's Complaint, Dkt. 1, at ¶¶ 2-5. Jurisdiction is not disputed.

B.  <u>Brief Theories of the Parties:</u>

**Plaintiff:** In January 2016, Defendant Larry Beckwith contacted Brian Manookian about representing him in connection with a highly valuable and meritorious accounting malpractice claim against Lattimore, Black, Morgan, & Cain, PC. Manookian expressed interest in taking the case but also explained to Beckwith that he would want to bring in Hammervold as co-counsel, with whom Manookian would split the contingency fee. Beckwith understood and agreed. On January 18, 2016, Beckwith and Manookian, on behalf of Cummings Manookian PLC, executed a written cotingency fee agreement. The Agreement expressly indicated that Mark Hammervold would perform work on the case and share in the contingency fee. Following execution of the Agreement, Hammervold spent hundreds of hours representing Beckwith over the course of three

years. During this time, Hammervold timely filed the complaint, briefed and appeared in connection with several dispositive motions, and successfully represented Beckwith in an appeal of the trial court's erroneous dismissal of Beckwith's claim on statute of limitations grounds. In addition to representing Beckwith pursuant to the contingency fee agreement, Hammervold advanced payment of several case-related expenses on Beckwith's behalf.

After the appeal, Beckwith terminated the representation and the contingency fee agreement in April 2019. But Beckwith refused to pay any fee for the work Hammervold had done for him. Beckwith also refused to reimburse Hammervold for expenses that Hammervold had personally paid during the course of the representation on Beckwith's behalf.

In this case, Hammervold has asserted a *quantum meriut* claim to recover a reasonable fee and reimbursement for cases expenses Hammervold paid on Beckwith's behalf. On May 5, 2023, this Court found that the circumstances alleged by Hammervold stated a claim for quantum meruit and denied Beckwith's Motion to Dismiss. Dkt. 28 at 12 ("[T]he circumstances as alleged by Hammervold demonstrate that it would be unjust for Beckwith to retain the benefit of his services – in the form of a viable and valuable claim against Lattimore – without paying for them.").

**Defendant:** Defendant Larry Beckwith denies any and all allegations of wrongdoing and liability. Defendant maintains that Hammervold was not a party to the contingency fee agreement he had with Manookian. The engagement agreement between Defendant and Manookian stated that Beckwith did not owe Hammervold anything for work he conducted to assist Manookian. Despite this, Hammervold and Manookian unilaterally determined that Manookian would assign Hammervold any contingency fee. Defendant was not notified or consulted about this decision. This unilateral decision by Hammervold and Manookian does not create a right for Hammervold to benefit under the Manookian agreement. Rather, it constitutes a violation of the requirements

under Rule 1.5 of the Rules of Professional Responsibility requiring an express agreement as to Hammervold's fee.  Therefore, due to Hammervold's failure to comply with the Rules of Professional Responsibility, he should be barred from recovery under quantum meruit or unjust enrichment.  Moreover, even if the Court were to determine that Hammervold is entitled to compensation, that compensation should be limited to reasonable hours and a reasonable fee.

      C.      <u>Issues Resolved</u>: Jurisdiction and Venue are resolved.

      D.      <u>Issues Still in Dispute:</u> Liability and damages remain in dispute.

      E.      <u>Mandatory Initial Disclosures</u>: Pursuant to Fed. R. Civ. P. 26(a)(1), the parties shall exchange initial disclosures on or before August 7, 2023.

      F.      <u>Motions to Amend or Add Parties</u>: The Parties do not anticipate the joinder of any other parties or the assertion of any other claims. However, any motion to amend must comply with Fed. R. Civ. P. 15 and Local Rules 7.01 and 15.01.  The deadline for filing motions to amend is September 15, 2023.

      G.      <u>Fact Discovery:</u> The Parties shall complete all written discovery and depose all fact witnesses on or before February 29, 2024.

Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

The Plaintiff has already propounded his first set of written discovery, to which the Defendant has responded.

H.  **Disclosure and Depositions of Experts:** Plaintiff shall identify and disclose all expert witnesses and reports on or before March 1, 2024. Defendant shall identify and disclose all expert witnesses and reports on or before April 12, 2024. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). All expert depositions shall be completed by May 17, 2024.

I.  **Dispositive motions.** The deadline to file dispositive motions shall be June 14, 2024. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the dispositive motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty (20) pages, excluding the separate Statement of Undisputed Material Facts. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

J.  **Alternate Dispute Resolution:** Prior to filing this lawsuit, the Parties engaged in settlement discussions. Counsel for the Parties may continue to discuss the possibility of settlement informally, but both Parties believe that ADR would be premature at this time. The Parties will target a judicial settlement conference or mediation in January 2024.

K.  **Protective Order:** The Parties are working together to draft and then file a Proposed Agreed Protective Order to govern the treatment of confidential, proprietary, financial, and/or trade secret information, documents, or other materials to be produced and/or disclosed during the

pendency of the action. The Parties agree to abide by the terms of that Order, should the Court enter it.

There is a discovery-related issue that an agreed protective order will not adequately address. After Hammervold withdrew from representing Beckwith in *Beckwith v. Lattimore* (sometime after April 2019), the trial judge in that case, Hon. Michael Binkley, entered an order sealing the case in its entirety. As part of this order, all pleadings are under seal, including pleadings filed prior to the order and the order discussing the justification for sealing the case.[1] Based on this order, Defendant has objected to providing any information about the case. The Parties have discussed this issue and seek the Court's guidance on this issue.

L.  Electronic Discovery:  The Parties are working together to draft and then file a proposed electronic discovery order.  The default standard contained in Administrative Order No. 174-1 shall not apply to this case.

M.  Trial: This case will be tried by the Court. The trial is expected to last approximately four days.

It is so **ORDERED**.

HON. ALETA A. TRAUGER
UNITED STATES DISTRICT COURT JUDGE

---

[1] On this basis, Defendant has not provided a copy of this order to Hammervold.

**APPROVED AND SUBMITTED FOR ENTRY:**

s/Mark Hammervold
Mark Hammervold
155 S. Lawndale Ave
Elmhurt, IL 60126
mark@hammervoldlaw.com

*Pro Se Plaintiff*

*/s/* Bethany Vanhooser
Bethany Vanhooser, BPR # 038594
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
bvanhooser@spencerfane.com

Jamie Cotter, *admitted pro hac vice*
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
jcotter@spencerfane.com

*Attorneys for Defendant*