IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK HAMMERVOLD; | § § § | |
| Plaintiff | § § | No. 3:22-CV-01053 |
| v. | § § | |
| LARRY BECKWITH; | § § | |
| Defendant | § § § | |

## ORDER

On July 17, 2023, Plaintiff Mark Hammervold issued the subpoena attached hereto as **Exhibit 1** to Jamie Beckwith, a non-party. Counsel for Ms. Beckwith, David Randolph Smith, accepted service of the subpoena on her behalf. The subpoena to Ms. Beckwith was also served on Larry Beckwith and counsel for other potentially interested third parties by email. Neither Mr. Beckwith nor the other potentially interested third parties have moved to quash the subpoena to Ms. Beckwith.

Ms. Beckwith has already complied with the subpoena with one exception: she objects to producing a copy of a confidential "global" settlement agreement[1] she entered into with Larry Beckwith and others in 2015 ("2015 Settlement Agreement"). Ms. Beckwith objects to production this settlement agreement on the basis of the confidentiality of the settlement agreement. Ms. Beckwith, however, will produce the settlement agreement if ordered to do so by the Court.

The 2015 Settlement Agreement bears upon the issue of the Defendant's damages in his underlying accounting malpractice claim against Lattimore. While the 2015 Settlement Agreement is confidential by its terms, this provision does not preclude the settlement agreement from being

---

[1] The settlement resolved the claims Ms. Beckwith asserted in *Beckwith v. Beckwith, et. al.*, (Williamson Cty. Chancery Ct. No. 13CV-42349.

subject to production in this case. *See Lovelace v. Pediatric Anesthesiologists, P.A.*, 2013 U.S. Dist. LEXIS 191572, *11 (W.D. Tenn. Oct. 21, 2013) ("Settlement agreements are not protected from discovery simply because they are marked confidential.") (ordering third party to produce settlement in response to a subpoena); *see also Scheurer Hosp. v. Lancaster Pollard & Co.,* 2012 U.S. Dist. LEXIS 160842, *11-12 (E.D. Mich. 2012) (same).

While the 2015 Settlement Agreement is one of the documents that is subject to a purported "seal" order in *Beckwith v. Lattimore*,[2] Ms. Beckwith (1) is not a party to that case; (2) has possession, control, or access to the 2015 Settlement Agreement independent of that case; and (3) has not received and is not subject to any "seal" order in in *Beckwith v. Lattimore*. Additionally, this Court has already ruled that Defendant's objections to written discovery based on the seal order issued in the State Court Case are without merit. *See* Dkt. 45.

Ms. Beckwith is ordered to produce the 2015 Settlement Agreement pursuant to the subpoena. This Court previously entered an Agreed Protective order. Dkt. 47. When producing the 2015 Settlement Agreement, Ms. Beckwith will label it confidential so that it will be protected by the Agreed Protective Order.

It is so **ORDERED**.

*[signature]*

**HON. ALETA A. TRAUGER**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The seal order itself is under seal. Neither the Plaintiff, Ms. Beckwith, nor this Court have received a copy.

**APPROVED AND SUBMITTED FOR ENTRY:**

s/Mark Hammervold[3]
Mark Hammervold
155 S. Lawndale Ave
Elmhurt, IL 60126
mark@hammervoldlaw.com

*Pro Se Plaintiff*

s/David Randolph Smith
David Randolph Smith & Associates
1913 21st Avenue South
Nashville, Tennessee 37212
 (615) 742-1775
drs@drslawfirm.com

*Counsel for Jamie Beckwith*

---

[3] Prior to filing this proposed order, Plaintiff Mark Hammervold also conferred with Counsel for the Defendant, who advised: "I have no specific objection to the order. I do have to note that we do not consent to any disclosure of the settlement agreement that violates the terms of the settlement agreement. Obviously, the court has already overruled our objection on that basis, so we will not formally object to this order or your subpoena. I just need to preserve our ongoing objection in order to protect my client."

# Exhibit 1

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| Mark Hammervold <br> *Plaintiff* <br> v. <br> Larry Beckwith <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:22-CV-01053 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jamie Beckwith
3215 Acklen Ave., Nashville, TN 37212

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached list - attached as Exhibit A.

| Place: electronically to mark@hammervoldlaw.com; or Spragens Law, 311 22nd Ave. N. Nashville, TN 37203 | Date and Time: 8/10/23 at 9 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/19/2023

CLERK OF COURT
OR
_____          s/Mark Hammervold
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Mark Hammervold, who issues or requests this subpoena, are:
Atty Mark Hammervold, 155 S. Lawndale Ave, Elmhurst, IL 60126, (405) 509 0372

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-CV-01053

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A – Documents Requested by Subpoena

1. Any and all settlement agreements between you and Larry Beckwith regarding your divorce from Larry Beckwith.[1]

2. Your complaint, and any subsequent amended complaints you filed, in the lawsuit you filed against Larry Beckwith in or around 2013, in which you alleged fraud, breach of contract, and/or other causes of action against Larry Beckwith based on his failure to accurately disclose financial information to you during the divorce proceeding.

3. Any and all settlement agreements resolving the claims you asserted against from Larry Beckwith in your 2013 lawsuit (referenced in #2).[2]

---

[1] Public reporting suggests that you agreed to a $6.8 divorce settlement in 2011.
[2] It appears that Larry Beckwith issued a PR Newswire release about this settlement on May 22, 2015. *Available at:* https://www.prnewswire.com/news-releases/lawsuit-against-larry-beckwith-dismissed-300087496.html