IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| MARK HAMMERVOLD; | § | |
| --- | --- | --- |
| Plaintiff | § | |
| | § | No. 3:22-CV-01053 |
| v. | § | |
| | § | |
| LARRY BECKWITH; | § | |
| Defendant | § | |

## DECLARATION OF BRIAN MANOOKIAN

I, Brian Manookian, do hereby certify pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the following statements are true and correct:

1. I am an adult citizen over the age of 18 years old. I am competent to testify and have personal knowledge of the facts herein.

2. In January 2016, I discussed with Larry Beckwith representing him and Eco Energy Holdings, Inc. in a lawsuit against LBMC, PC f/k/a Lattimore Black Morgan & Cain, P.C. During that discussion, I indicated that I would need Mark Hammervold to work on the case with me as co-counsel and that we would split the contingency fee. It was a complex commercial dispute and Mark Hammervold was (and remains) an extremely bright, creative and capable attorney. I knew that his involvement would be integral to the representation. During my discussion with Larry Beckwith, he agreed to Mark Hammervold working jointly with me in representing him.

3. Larry Beckwith thereafter executed the Legal Representation and Engagement Agreement attached hereto as **Exhibit A**. That agreement also confirmed Larry Beckwith's

1

understanding and agreement that Mark Hammervold would be working with me to jointly represent him and his company against Lattimore Black. It said, in relevant part, "All work on this matter will be done by Brian Manookian or Mark Hammervold." The section outlining the Contingency Fee section also expressly mentioned that if Mark Hammervold assists in the case (which he did), Larry Beckwith "agree[d] to my sharing of my fee with him."

4. Mark Hammervold took primary responsibility for the pre-suit workup and drafting the complaint.

5. I then planned to file the complaint in person on January 22, 2016. However, due to inclement weather that day, it became impossible to get to the clerk's office due to dangerous road conditions. The clerk's office was also closing early that morning, for employee safety. Due to these circumstances, the clerk's office gave me special permission to fax-file the complaint. I then called Mark Hammervold, who lived in Chicago at the time, and he immediately fax-filed the Complaint. The clerk then time-stamped the complaint as filed at 9:34 am, officially confirming that it was filed as of that time. The clerk assured me that the complaint was filed.

6. Larry Beckwith's complaint against Lattimore Black was filed in Williamson County Circuit Court on January 22, 2016.

7. After August 5, 2016, Mark Hammervold took over primary responsibility for representing Larry Beckwith in the *Beckwith v. Lattimore* case. After that date, up until Larry Beckwith terminated the representation in 2019, Mark Hammervold prepared all of the pleadings in that case, took primary responsibility for communicating with Larry Beckwith and his in-house counsel, took primary responsibility for communications with opposing counsel, attended all hearings in that case, and served as lead counsel in the successful appeal to the Tennessee Court of Appeals.

2

8. On April 18, 2019, Mark Hammervold told me that Larry Beckwith had relayed, through retained counsel, that he was leaning towards terminating Mark Hammervold's representation and finding new counsel. He knew that we had a quantum meruit claim and he wanted to buy it out. During that discussion I agreed to assign the entire portion of the contingency fee, including any quantum meruit claim, to Mark Hammervold because he had spent so much time working on the case and had achieved such a great result in the case through the appeal.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 2nd day of July, 2024.

_____
Brian Manookian

3

Case 3:22-cv-01053   Document 60   Filed 07/05/24   Page 3 of 8 PageID #: 583

# Exhibit A

**CUMMINGS MANOOKIAN**

BRIAN CUMMINGS
Licensed to practice in
Tennessee, Georgia,
Florida, and Hawaii

BRIAN MANOOKIAN
Licensed to practice in
Tennessee

www.cmtriallawyers.com

102 Woodmont Blvd.
Suite 241
Nashville, TN 37205
T: (615) 345-0252
F: (615) 383-1235

**ATTORNEY-CLIENT AGREEMENT**

January 16, 2016

**VIA ELECTRONIC MAIL**
Larry Beckwith
larry@larrybeckwith.com

Re: **Legal Representation and Engagement**

Mr. Beckwith,

It is our firm's practice to enter into engagement letters with our clients. This letter serves the general purpose of setting forth the basis on which we will represent you. Please read it carefully.

Once you have reviewed this letter and are in agreement with its terms, please sign a copy in the space provided below and return it to our office. We reserve the right to not begin work on your case, or stop existing work, until a signed copy is received. If you have any questions about any of the provisions in this letter, or if you would like to discuss possible modifications, please do not hesitate to call me.

### Client and Scope of Representation

Our client will be you in your individual capacity and LBDB Holdings, LLC f/k/a Eco Energy Holdings, Inc. We will represent you in the matter involving LBMC f/k/a Lattimore Black Morgan & Cain's breach of duties and contract arising out of a valuation performed in 2011.

All work on this matter will be done by Brian Manookian or Mark Hammervold. Our office phone number is (615) 345-0252. We can be reached on that line during normal business hours. If you have an after-hours urgent matter regarding your case you may call Brian Manookian on his cell phone at (615) 979-6440.

Should you have any questions or concerns about any person in our firm who is working on this matter, or any work being performed by us on your behalf, please do not hesitate to contact us. We are happy to discuss those items with you at any time.

1

## Contingency Fee

Our fees for work on this case will be on a contingency basis. This means that you only pay us a fee if you receive a settlement, judgment, or award in this matter. If you do not receive a settlement, judgment, or award we do not receive a fee. The contingency fee rate is the scale we previously agreed upon, I ask that you handwrite it in the space below, and I'll initial as well.

SCALE
5% of first $150,000 recovered
+ 10% of next $50,000 "
+ 15% of next $50,000 "
+ 20% of next $50,000 "
+ 25% of next $50,000 "
+ 30% of next $50,000 "
+ 35% of next $50,000 "
+ 40% of all over $450,000 recovered

Example fee at $250,000 recovered:
5% of 150,000 = 7,500
10% of next 50,000 = 5,000
15% of next 50,000 = 7,500

total fee if $250,000 recvd $20,000.00

Additionally, I occasionally split my portion of contingency fees with Mark Hammervold when I have him assist in a case. I may have him assist in this case, and if so, you agree to my sharing of my fee with him. All compensation to Mr. Hammervold is out of my already agreed upon fee and does not cost you anything additional.

## Costs and Expenses

There will likely be costs and expenses involved in pursuing this case. They may include items such as court filing fees, expert witness fees, court reporter fees, and deposition transcripts among other things. We will advance those costs and expenses, arranging for them to be paid directly by our firm during the pendency of the matter. You remain responsible for the costs and expenses. At the conclusion of the matter, the costs and expenses that we advanced will be deducted from the amount you receive after the contingency fee is allocated.

We specifically do not charge you for, or collect at the end of matter, expenses for general office copies, faxes, postage, courier services, long-distance phone calls, or mileage. In the event that you lose in litigation, you may also be responsible for the opposing party's attorneys' fees and costs.

## Review and Waiver of Conflicts

We have evaluated potential conflicts of interest with respect to our representation of you. We are not currently aware of any conflicts in connection with this matter.

## Your Responsibilities

We cannot effectively represent you without your cooperation and assistance. You agree to cooperate fully with us and to promptly provide all information known or available to you that

is relevant to our representation. Your obligations include timely providing requested information and documents, assisting in discovery, disclosure and trial preparation, cooperating in scheduling and related matters, responding timely to telephone calls and correspondence, and informing us of changes in your address and telephone numbers.

**<u>Settlement or Compromise</u>**

This is your case. Prior to any settlement, we will first obtain your approval. Once resolved on your behalf and in accordance with your instructions, the settlement will be binding upon you.

**<u>Termination of Professional Relationship</u>**

You have the right to change attorneys to another attorney or firm at any time by sending us a letter to that effect. This right to "discharge" this firm as your representative requires that you remain responsible for all costs and expenses incurred prior to receipt of your letter. If you terminate the representation before the conclusion of the matter, we will additionally be entitled to receive from the proceeds of any recovery a reasonable fee for the work we have performed, based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, our experience, ability, reputation, the responsibility involved and the results obtained.

We may choose to withdraw from representing you and request, in writing, that you obtain another attorney or firm to represent you. A "withdrawal" by this firm does not relieve you of the responsibility to pay advanced costs.

If any of the terms stated in this letter is not consistent with your understanding of our agreement, please contact me before signing the agreement. Otherwise, please sign the agreement and return it to me via email, fax, or mail.

On behalf of the firm, we appreciate the opportunity to represent you in this matter. If you have questions, please feel free to call me.

Sincerely,

Brian Manookian
CUMMINGS MANOOKIAN PLC

3

I have read and consent to the terms in this letter.

_____      1-18-15
CLIENT                          DATE

4