IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK HAMMERVOLD; | § | |
| | § | |
| **Plaintiff** | § | |
| | § | No. 3:22-CV-01053 |
| v. | § | |
| | § | |
| LARRY BECKWITH; | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 5.03, the Plaintiff, Mark Hammervold ("Hammervold"), respectfully requests leave of Court to file an unredacted versions of the Declaration of Mark Hammervold and Plaintiff's Response in Opposition to Summary Judgment.

Pursuant to Section 5.07 of Administrative Order No. 167-1, Plaintiff will file the documents proposed to be filed under seal at Dkt. 62 and 65, respectively. Plaintiff will file redacted versions of these documents at Dkt. 63 and Dkt. 66 respectively.

In support of this Motion, Plaintiff states as follows:

1.      This lawsuit involves a fee dispute between an attorney (Plaintiff Hammervold) and former client (Defendant Larry Beckwith).

2.      This Court previously recognized that privileged communications and sensitive financial information in this case should be sealed. Dkt. 8.

3.      "Documents invoking either work-product or attorney-client privilege. . .provide grounds for plaintiff to file the documents under seal." *Munson Hardisty, LLC v. Legacy Pointe Apts., LLC*, 2017 U.S. Dist. LEXIS 82023, *5 (E.D. Tenn. May 30, 2017) (collecting cases detailing the need to seal those kind of communications); *see In re Pension Benefit Guar. Corp.,*

1

2014 U.S. App. LEXIS 24953, *3 (6th Cir. 2014) ("We have held that preservation of attorney-client and work-product privileges as to the public-at-large can justify sealing documents even where a litigant may have waived those privileges as to the opposing party.").

4.      The Plaintiff limited his proposed redactions to ensure that only privileged and confidential information would be filed under seal. The information being redacted and filed separately under seal is the same type of information this Court already ruled should be sealed.

5.      Before filing this Motion, Plaintiff conferred with Defendant and Defendant does not oppose this Motion.

July 5, 2024

**RESPECTFULLY SUBMITTED,**

**s/Mark Hammervold[1]**
Mark Hammervold, TN #31147
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
mark@hammervoldlaw.com


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2024, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF and through the following counsel by email:

Jamie Cotter (cotter@spencerfane.com) (*pro hac vice*)
Bethany Vanhooser (bvanhooser@spencerfane.com)
Spencer Fane LLP
*Attorneys for Defendant*

*/s/ Mark Hammervold*

---

[1] Mark Hammervold is admitted to practice in this district, but is representing himself *pro se* in this case.

2
