IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Mark Hammervold,  <br>     Plaintiff,  <br>vs.  <br>Larry Beckwith,  <br>     Defendant. | )  <br>)  <br>)  <br>)  <br>) NO. 3:22-CV-01053  <br>)  <br>)  <br>)  <br>)  <br>) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO LIMIT TESTIMONY OF DEFENDANT'S EXPERT WITNESS KEVIN BALTZ

Defendant Larry Beckwith ("Defendant"), by and through Counsel, hereby submits the following response to Plaintiff's Motion to Limit the Expert Report of Kevin Baltz ("Motion").

Hammervold seeks to limit Mr. Baltz's expert report ("Report") and his testimony in two ways: (1) striking the reference to a purported Rule 408 communication in the Report and any speculative future reliance on any purported Rule 408 communications, and (2) striking and excluding any opinion that Hammervold is only entitled to compensation prior to January 22, 2016. The Motion seeks blanket relief regarding future testimony related to these two issues. This request is premature as the Court cannot analyze the purpose for which the evidence is being introduced, which is a critical analysis when a court rules on expert testimony exclusion. Regardless, as set forth more fully below, Hammervold's arguments to strike/limit Mr. Baltz's expert opinion have no merit as they do not violate Rule 408, do not set forth improper legal conclusions, and are not precluded based on the Answer or judicial estoppel.

### ARGUMENT

**I. Hammervold's Motion is premature and is not the proper vehicle for Hammervold's requested relief.**

Hammervold's Motion, in part, generally seeks to prohibit assumed future testimony from Mr. Baltz. This requested relief is both premature and is more suited for a motion in limine.

Courts have generally held that motions seeking to limit expert testimony are premature when the purpose of the evidence sought to be limited is unclear. "The line between admissible and inadmissible expert opinion *can be a very fine one*. Crucial to a reasonable analysis is the *purpose* for which the elicited testimony in question is being offered. Absent the development of this type of testimony in the fuller context of trial, it is premature to assess what is acceptable in this area." *Harrison v. Scripps Network, Inc.*, No. 3:02-CV-489, 2005 WL 816898, at *1 (July 5, 2005) (emphasis added) (denying a motion to limit expert testimony as premature); *see also Pridemore-Turner v. Univ. Health Sys., Inc.*, 3:20-CV-00318, 2021 WL 6333361, at *2 (E.D. Tenn. Oct. 13, 2021) (denying a motion to limit experts "at this stage of the litigation," meaning before trial).[1]

Here, without regard to the purpose of the theoretical future testimony of Mr. Baltz, Hammervold is asking this Court to issue a blanket preclusion of testimony regarding (1) the substance of settlement communications, and (2) excluding any opinion that Hammervold is not entitled to compensation after January 22, 2016. Regarding the purported Rule 408 communications, Hammervold acknowledges that other than citing a tab containing purported Rule 408 communications, Mr. Baltz "does not appear to base his opinions" on Rule 408 communications he was provided. *See* Motion at pg. 5. Despite this, Hammervold asks this Court to prohibit assumed future testimony. This request is unfounded and premature. The protections of Rule 408 are limited to certain purposes and are subject to exceptions; therefore, a ruling on the issue of future testimony could result in the Court prematurely limiting expert testimony that would otherwise be admissible. This is the very reason that courts have held that the purpose for which the expert testimony is offered is crucial to the Court's analysis. *Harrison*, 2005 WL 816898, at *1. For similar reasons it is premature for the Court to determine that

---

[1] Motions in limine have likewise been determined to be premature when they are based on assumptions of the use of the expert testimony. *See, e.g.*, *Shires v. King*, No. 2:05-CV-84, 2006 WL 8442710, at *1 (E.D. Tenn. Dec. 20, 2006).

Mr. Baltz cannot present any testimony that Hammervold should not receive fees following January 22, 2016. At this juncture, neither Hammervold nor the Court can fully ascertain the purpose for which Mr. Baltz may testify on this issue.

In addition, courts have held that motions to strike and/or limit are not the proper vehicle to exclude expert testimony on these grounds. Rather, a motion to limine should be used. Hammervold's Motion is styled as a motion to strike and/or limit the testimony of Mr. Baltz. Motions to strike are generally disfavored and the proper use of them is narrow. *See, e.g.*, *Maxum Indemnity Co. v. Drive West Ins. Servs. Inc.*, 2014 WL 12653865, at *2 (S.D. Ohio June 12, 2014) (discussing a motion to strike expert testimony filed following the exchange of expert reports). Moreover, "[w]ith respect to expert reports . . . courts in this Circuit have held that motions to strike are inapplicable, and have stated that the proper vehicle is a motion in limine." *See id.* (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 864, n. 10 (M.D. Tenn. 2005). Hammervold's Motion should thus likewise be denied as procedurally improper.[2]

Therefore, the Court should deny Plaintiff's Motion because it is premature and a motion to strike and/or limit is not the proper vehicle for the requested relief.

## II. Neither the Report nor Mr. Baltz's opinion violate Rule 408.

Regardless, neither the Report nor Mr. Baltz's opinion violate Rule 408. In support of his position, Hammervold argues that Mr. Baltz merely being provided with items that are Rule 408 communications requires the limitation of his expert testimony. As stated above, this argument is premature as it is based on theoretical future testimony. In addition, an expert reviewing documents that constitute Rule 408 communications does not automatically result in a violation of the rule. Rule

---

[2] This is not to suggest that Hammervold has a valid basis to exclude this potential testimony *in limine*. As a threshold matter, trial in this matter will be to the Court. Motions to strike/limit anticipated testimony are more appropriate when a case will be tried to a jury.

-3-

408 prohibits introducing statements made during compromise negotiations that are used to "either prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Civ. P. 408. Generally, "[t]he exclusionary rule [of Rule 408] is designed to exclude the offer of compromise only when it is tendered as an admission of the weakness of the offering party's claim or defense, not when the purpose is otherwise." *Swierczynski v. Arnolds Foods Co., Inc.*, 265 F. Supp. 2d 802, 808 (E.D. Mich. 2003). Introduction and use of Rule 408 communications to prove the validity of a claim or amount of a disputed claim is what Rule 408 protects, not merely the review of such communications.

Hammervold admits that Mr. Baltz only references one of the purported Rule 408 items and that he "does not appear to base his opinions" on the remaining Rule 408 communications he was provided. *See* Motion at pg. 5. Therefore, Hammervold cannot argue that Mr. Baltz's Report, the only current evidence in the record, violates Rule 408 because Mr. Baltz was merely provided with the information; it has not been referenced or introduced. Mr. Baltz merely being provided with the information is not a violation of Rule 408 as it does not constitute an attempt to "prove or disprove the validity or amount of a disputed claim."

In addition, Hammervold argues that Mr. Baltz's reference to "Tab 43" in relation to his determination of a reasonable hourly rate for Hammervold's services is a violation of Rule 408. The mere reference to this tab in the Report likewise is not a violation of Rule 408 because it does not constitute an attempt to introduce the underlying communication and it does not detail the contents of the communication. In fact, it does not contain any information regarding the content of the communication or any hourly rate Hammervold may have referenced therein. As such, the mere reference to "Tab 43" should not be considered a violation of Rule 408 as neither the communication or the contents therein are being offered as evidence.

Therefore, Plaintiff's Motion to strike or limit Mr. Baltz Report and testimony on this ground should be denied.

## III. Neither the Report nor Mr. Baltz's opinion regarding his work following January 22, 2016 should be excluded.

Next, Hammervold attempts to limit Mr. Baltz's Report and opinion regarding Hammervold's recovery of his fee after January 22, 2016 because (a) it constitutes a legal conclusion, (b) it is precluded based on Beckwith's Answer, and (c) it is precluded based on the doctrine of judicial estoppel. None of these arguments have merit.

### a. Mr. Baltz's opinion testimony is not a legal conclusion.

Hammervold argues that Mr. Baltz's statement in his Report that Hammervold's work did not provide a benefit to Beckwith following January 22, 2016, constitutes an impermissible legal conclusion. Generally, Federal Rule of Evidence 702 allows expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 704(a) explains that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). The Sixth Circuit has explained that "[t]he effect of Rule 704 is merely *to remove the proscription against opinions on 'ultimate issue'* and to shift the focus to whether the testimony is 'otherwise admissible.'" *Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.*, 2011 WL 13244016, at *2 (M.D. Tenn. Aug. 11, 2011). Therefore, while it is true that experts cannot render opinions that constitute a pure legal conclusion, they can testify to an ultimate issue of the case. *See id.* (stating "an expert may testify as to an ultimate issue in case, his testimony must not reach legal conclusions"). The purpose of the preclusion of legal conclusions by an expert is to prevent jury confusion, which is not at issue here. *See id.* ("To allow [testimony as to a legal conclusion] could result in the expert articulating an erroneous legal standard to the jury and invading

-5-

"the province of the court to determine the applicable law and to instruct the jury as to that law."). Moreover, courts have held "the inquiry into admissibility of expert opinion is a 'flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."

Here, Mr. Baltz's Report explains that he calculates Hammervold's reasonable fee, assuming that he is entitled to recover any fee, based on work conducted prior to January 22, 2016. (Doc. 57-1). In explaining why, Mr. Baltz presents relevant facts regarding the work that Hammervold conducted after January 22, 2016, including that (1) Hammervold made the decision to fax-file the complaint in the underlying state court case, (2) the Tennessee Court of Appeals permitted Mr. Beckwith's claims to survive based on his interpretation of a tolling agreement and did not decide on whether the effective filing date was January 22, 2016, and (3) had the complaint not been fax filed (which is not recognized as proper filing of a complaint under the Tennessee Rules of Civil Procedure) on January 22, 2016, Hammervold's additional work on this case would have been unnecessary. Based on these facts, Mr. Baltz also states that following the resulting appeal, Beckwith was left in the same position as to when he first engaged Cummins Manookian, which was a complaint allowing his to pursue his claims against LBMC. This is a fact. Mr. Baltz is simply reviewing the facts and rendering an opinion about the reasonableness of the work and the benefit of the work provided to Mr. Beckwith.

These statements do not rise to the level of a legal conclusion. Rather, they provide background as to how Mr. Baltz determined what he believes to be a reasonable fee for the services that Hammervold provided. Mr. Baltz's opinion likewise does not rise to the level of a legal conclusion as it does not contain an analysis of the factors that courts have recognized for unjust enrichment. *See, e.g.*, *Mitch Grissim & Assocs. v. Blue Cross & Blue Shield of Tenn.*, 114 S.W.93d 531, 537 (Tenn. Ct. App. 2002) (detailing the requisite factors for unjust enrichment). At most, the Report explains why

Mr. Baltz's analysis did not include the time period after January 22, 2016, and makes a factual statement that goes to the ultimate issue of the case, whether Mr. Beckwith was in the same position following Hammervold's services as he was at the onset.

This type of analysis does not constitute an impermissible legal conclusion and is clearly distinguishable from the cases cited by Hammervold, which are replete with pure legal conclusions or analyses of specific elements of the claims in the cases. *See, e.g.*, *Daugherty v. Graves*, No. 3:11–CV–458, 2013 WL 501670, at *3 (E.D. Tenn. Feb. 8, 2013) (involving an expert opinion that made ten identifiable legal conclusions, such as whether law enforcement officers had a duty to protect, the legal rights of an individual to drive, whether Tennessee law allowed the actions of the officers, whether the plaintiff's First Amendment rights were violated, whether there was an assault, whether the individual resisted arrest, that the plaintiff had not violated the law in any way); *Heath v. C.R. Bard Inc.*, 2021 WL 2869282, at *35 (M.D. Tenn. July 8, 2021) (involving testimony by a medical expert that the patient "accepted the risk" of the procedure); *Gregg v. Hatmaker*, 2013 WL 7141737, at *3 (E.D. Tenn. Mar. 15, 2013 (involving an expert opinion on whether there were civil rights violations, Tennessee law protections from arrests, and probable cause); *Greene v. Sears Prot. Co.*, 2018 WL 4716189, at *9 (N.D. Ill. Mar. 8, 2018) (involving conclusions as to whether there was a breach and whether certain actions resulted in unjust enrichment by an economic expert for calculating damages for a class); *Stratus Redtail Ranch v. IBM*, 2022 WL 2132071, at *3 (D. Col. Jun. 14, 2022) (precluding an expert's *analysis of the factors* used to determine a reasonable allocation, noting that courts have specifically prohibited experts from "opin[ing] as to the applicable equitable factors or how the court should render allocation based on those factors" under CERCLA); *United Sec. Fin. Corp. v. First Mariner Bank*, 2018 WL 9489247, at *7 (D. Utah Aug. 2, 2017) (addressing testimony regarding whether there was an implied contractual agreement and whether "pair off fees" could be imposed); *Sullivan v. Alcatel-*

*Lucent USA, Inc.*, 2014 WL 3558690, at *8-9 (N.D. Ill. July 17, 2014) (analyzing an expert report that contained conclusions regarding whether there was liability for specific counts). Unlike these cases, Mr. Baltz is making a factual statement regarding whether Mr. Beckwith was in the same position that he would have been but for Hammervold's work post January 2016, not setting forth legal conclusions or weighing the applicable factors for unjust enrichment/quantum meruit.

### b. Mr. Baltz's opinion testimony should not be precluded due to Beckwith's Answer.

Hammervold's Motion next asserts that Mr. Baltz's opinion related to Hammervold's fee following January 22, 2016, should be barred because of Beckwith's Answer. As an initial matter, the Answer should have no impact on whether Mr. Baltz can opine on the issue in his expert report. Hammervold has cited no law to support this position. Regardless, in only relying on one paragraph of the Complaint and Answer in his Motion, Hammervold ignores other allegations in the Complaint that provide clear insight into the issue timing of the filing in the underlying state court case. Hammervold's Motion relies on Paragraph 37 of the Complaint. Paragraph 37 states "Beckwith's complaint against Lattimore was filed on January 22, 2016," which Beckwith admitted and does not dispute that the Complaint was fax filed on that date. However, a citation to this paragraph alone does not provide a complete narrative of the facts of this case and ignores the following relevant paragraphs of the Complaint and Answer.

> 41. The Williamson County Circuit Court Clerk maintains a Document Management System.[8] Despite filing the Complaint on January 22, 2016, the Clerk did not enter the Plaintiffs' Complaint into its Document Management System until January 26, 2016, when it received the filing fee and a substitute copy of the Complaint with a "wet" signature.

-8-

Case 3:22-cv-01053   Document 74   Filed 07/19/24   Page 8 of 13 PageID #: 752

> 41. Admitted upon information and belief that the Clerk did not enter Beckwith's complaint until January 26, 2016. Beckwith lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and neither admits or denies the same.
>
> 47. On August 5, 2016, Judge Michael Binkley granted Lattimore's motion for summary judgment. Judge Binkley erroneously adopted Lattimore's argument that Beckwith's claim against Lattimore was time-barred because it was not "filed" on January 22, 2016. Judge Binkley also *sua sponte* granted summary judgment against Beckwith's claim on the basis that Lattimore's duty of confidentiality was owed only to LBDB, and not to Beckwith.
>
> 47. Admitted that on August 5, 2016, Judge Binkley granted Lattimore's motion for summary judgment. The remaining allegations in Paragraph 47 state legal conclusions, to which no response is required.

(Doc. 1 & Doc. 34).

It also appears that Hammervold is attempting to both narrow the meaning of "filing" used in Paragraph 37 and imply additional meaning to term (that it was filed *and accepted* on January 22, 2016) in order to preclude Mr. Baltz's testimony on this issue. This argument should not be permitted as it is not a fair reading of the pleadings on their face nor is it based on the other allegations therein.

### c. Mr. Baltz's opinion testimony is not barred by the doctrine of judicial estoppel.

Lastly, Hammervold argues that Mr. Baltz's opinion related to Hammervold's recovery of his fee after January 22, 2016, is barred by the doctrine of judicial estoppel. This argument likewise has no

merit because (1) when representing Beckwith, Hammervold did not successfully argue that the complaint in the underlying state case should be considered as being filed on January 22, 2016 because the Tennessee Court of Appeals expressly did not address that issue, and (2) the Report does not present an argument that the complaint in the underlying state case was *untimely* filed as a matter of law.

Generally, judicial estoppel "prevents a party from arguing a position in a legal proceeding after *succeeding* on the contrary position in an earlier proceeding." *Thompson v. Davidson Transit Org.*, 563 F. Supp. 2d 820, 829 (M.D. Tenn. 2008). The doctrine only applies when: "(1) a party's later position is *clearly inconsistent* with its earlier position, (2) the party *succeeded* in persuading a court to accept *that party's earlier position*, and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (emphasis added). "Judicial estoppel . . . does *not* usually apply to shifting legal arguments; it typically applies to shifting factual arguments." *Hughes v. Duncan*, 636 F. Supp. 3d 879, 888 (M.D. Tenn. 2022). The purpose of judicial estoppel is to "preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Id.* (refusing to invoke the doctrine of judicial estoppel because there was no evidence that the party was seeking to use gamesmanship or was playing fast and loose with the court). "Even so, judicial estoppel 'should be applied *with caution to avoid impinging on the truth-seeking function of the court*, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Id.* (emphasis added); *see also United States v. Tran*, 669 F. Supp. 3d 691, 694 (M.D. Tenn. 2023) (stating that judicial estoppel is "sparingly granted in civil cases"). Therefore, "[i]n light of the policies underpinning judicial estoppel, the rule cannot be applied in a subsequent proceeding unless a party has *successfully asserted an inconsistent position* in a prior proceeding." *Hughes*, 636 F. Supp. 3d at 888.

Here, Hammervold asserts that Beckwith should be precluded from arguing that the state court complaint was not filed in accordance with the Tennessee Rules of Civil Procedure on January 22, 2016. This argument cannot be judicially estopped because the Tennessee Court of Appeals did not address this issue in its ruling. *Beckwith v. LBMC, P.C.*, No. M 2017-00972-COA-R3-CV (Tenn. Ct. App. Dec. 6, 2017). Rather, the Court of Appeals reversed the trial court's decision on the grounds that there was a tolling agreement in place that extended the filing deadline by several months. *Id.* Because the Court of Appeals did not address this specific issue, Beckwith (through Hammervold) did not previously succeed on the argument that the state court complaint should be considered to be filed on January 22, 2016.

Most importantly, Hammervold's Motion also overstates Beckwith's argument in relation to the filing of the underlying state court complaint. The Report is not being used to argue the legal conclusion that the complaint in the underlying state case was untimely filed as a matter of law. Rather, the Report merely goes to the issue that had Hammervold and Manookian not fax-filed the state court complaint on January 22, 2016, resulting in it not being accepted until January 26, 2016, there would have been no need for the additional work conducted by Hammervold.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion should be denied and neither Mr. Baltz's Report nor his future testimony should be limited on these grounds.

Respectfully submitted,

*/s/ Bethany M. Vanhooser*
Bethany Vanhooser, BPR # 038594
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
bvanhooser@spencerfane.com

Jamie Cotter, *admitted pro hac vice*
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
jcotter@spencerfane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a correct and true copy of the foregoing document was served on the following individuals via the Court's ECF system on July 19, 2024:

Mark Hammervold
155 S. Lawndale Ave
Elmhurt, IL 60126
mark@hammervoldlaw.com

                                         */s/ Bethany M. Vanhooser*