IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK HAMMERVOLD; § § **Plaintiff** § § v. § § LARRY BECKWITH; § § **Defendant** § § | No. 3:22-CV-01053 |

**PLATINIFF'S REPLY IN SUPPORT OF HIS MOTION TO LIMIT THE TESTIMONY OF DEFENDANT'S RETAINED EXPERT WITNESS KEVIN BALTZ**

Plaintiff Mark Hammervold hereby submits this Reply in Further Support of his Motion to Limit the Testimony of Defendant's Retained Expert Witness, Kevin Baltz (Dkt. 57).

Defendant Larry Beckwith's Response (Dkt. 74) and Reply (Dkt. 76) in support of his motion for summary judgment further demonstrate that this Court should partially strike Mr. Baltz' expert report and limit his proposed expert testimony by excluding his opinion that Hammervold deserves no fee for his representation of Beckwith from January 22, 2016 to July 25, 2019.

### I.  Beckwith Impermissibly Offers Mr. Baltz to Bolster a Flawed Legal Argument.

Beckwith concedes that experts cannot offer legal conclusions, and only disputes whether Mr. Baltz's challenged opinion qualifies as such. Dkt. 74 at 5-6.

Mr. Baltz's proposed opinion testimony is clearly a legal conclusion because it directly parallels the primary legal argument of Beckwith's motion for summary judgment. *Compare* D's MSJ Reply, Dkt. 76, at 2 ("[T]he crux of Beckwith's argument. . .is that. . .had Hammervold and Manookian not fax-filed the state court complaint on January 22, 2016, resulting in it not being accepted until January 26, 2016, there would have been no need for the additional work conducted by Hammervold.") *with* D's Resp. to Mtn to Strike/Limit Baltz, Dkt. 74 at 11 ("[T]he report merely

1

goes to the issue that had Hammervold and Manookian not fax-filed the state court complaint on January 22, 2022, resulting in it not being accepted until January 26, 2016, there would have been no need for the additional work conducted by Hammervold.").

Since Mr. Baltz's challenged opinion "offers nothing more than what [Beckwith's] lawyers. . .can argue in closing arguments," it should be excluded. *Woodhull v. County of Kent*, 2006 U.S. Dist. LEXIS 54028, *20 (W.D. Mich. Aug. 3, 2006) (quoting *United States v. Frazier*, 387 F.3d 1244, 1262-1263 (11th Cir. 2004)).

In other sections of his response to the Motion, Beckwith effectively concedes that Mr. Baltz is offering a "legal argument." *See* Dkt. 74 at 10 (arguing that judicial estoppel does not preclude Mr. Baltz's testimony because "[j]udicial estoppel. . .does not usually apply to shifting *legal arguments*; it typically applies to shifting factual arguments.") (emphasis added);[1] *see also id.* at 10-11 (characterizing the "argument[s]" contained and not contained in Mr. Baltz's report).

Beckwith attempts to thread the needle – and avoid judicial estoppel – by claiming that Mr. Baltz will ***not*** opine "that the [filing of the] complaint in the underlying state case was untimely as a matter of law," Dkt. 74 at 11, or that Manookian or Hammervold committed any "malpractice" with the filing of the complaint in *Lattimore*. Dkt. 76 at 2 ("Hammervold. . .incorrectly asserts that Beckwith is arguing that Hammervold committed 'malpractice. . .'"); *see also id.* at 3-4 ("Beckwith is not asking this Court to decide that Hammervold committed malpractice.").

Beckwith claims that Mr. Baltz will only opine that "had Hammervold and Manookian not fax-filed the state court complaint on January 22, 2022, resulting in it not being accepted until

---

[1] While Beckwith's argument essentially Beckwith is incorrect that this defeats judicial estoppel. *See Valentine-Johnson v. Roche,* 386 F.3d 800, 811-812 (6th Cir. 2004) (defendant judicially estopped from arguing that district court did not have jurisdiction when it previously took the position – and prevailed upon – position that only district court had jurisdiction during prior administrative proceeding).

2

January 26, 2016, there would have been no need for the additional work conducted by Hammervold." Dkt. 74 at 11.

Mr. Baltz's challenged opinion is not just a legal conclusion – it is incorrect as a matter of law because it is undisputed that: (1) Hammervold timely filed Beckwith's complaint,[2] and (2) the appeal was necessitated by Judge Binkley's legal error, rather than by any malpractice by either Manookian or Hammervold.[3]

Following the flawed logic of Baltz/Beckwith's legal argument, although Hammervold timely filed Beckwith's complaint and did not commit any malpractice (and therefore had no liability to Beckwith), he was somehow still obligated to spend hundreds of hours, over the course of three years, representing Beckwith in the successful appeal for free.

Had Baltz/Beckwith's assumptions and legal argument been true, Hammervold could have simply withdrawn from the representation on January 23, 2016, preserved hundreds of hours of professional time, and still been entitled to the same quantum meruit fee.

Since Judge Binkley's erroneous dismissal of Beckwith's complaint – and not any legal malpractice by Hammervold – proximately created the need for the appeal, Hammervold should be entitled to a quantum meruit fee because his continued representation through the successful appeal created significant value for Beckwith. *See* MTD Order, Dkt. 28 at 12 ("[T]he circumstances as alleged by Hammervold demonstrate that it would be unjust for Beckwith to retain the benefit of [Hammervold's] services – in the form of a viable and valuable claim against Lattimore – without paying for them.").

---

[2] Beckwith is judicially estopped from arguing otherwise, Dkt. 57 at 12-14, but has nonetheless voluntarily narrowed the scope of Mr. Baltz testimony to avoid the issue. Dkt. 74 at 11.
[3] Beckwith has acknowledged he is not claiming legal malpractice. Dkt. 76 at 2-4. But in any event, violation of the standard of care and proximate causation are both required for a legal malpractice claim or affirmative defense to quantum meruit, but neither element can be established where Hammervold timely filed Beckwith's complaint, but that complaint was erroneously dismissed.

## II. Beckwith Should be Precluded from Presenting Opinion Testimony Contrary to his Admission in the Operative Answer that his Complaint was Filed January 22, 2016.

Beckwith should not be permitted to present Mr. Baltz's opinion/argument that Hammervold deserves no fee for his work from January 22, 2016 to July 25, 2019 because the premise of that testimony is contrary to a matter Beckwith conclusively admitted in his Answer.

Beckwith does not dispute the general principal that a defendant cannot dispute a matter they have admitted in their operative answer. *See* Dkt. 74 at 8-9. Instead, Beckwith unsuccessfully tries to recharacterize and explain his admission that the complaint was filed January 22, 2016.

Beckwith's operative Answer admits that "Beckwith's complaint against Lattimore was filed on January 22, 2016 at 9:34 am, as reflected by the Clerk's official timestamp." Compl., Dkt. 1, ¶ 37  Answer, Dkt. 34, ¶ 37 ("Admitted upon information and belief.").

Beckwith argues that Hammervold is "attempting to both narrow the meaning of 'filing' used in Paragraph 37 and imply additional meaning to term [sic] (that it was filed *and accepted* on January 22, 2016)." Dkt. at 9. However, "filing" is a well-understood term of art. Under Tenn. R. Civ. P. 3, "All civil actions are commenced by ***filing*** a complaint with the clerk of the court." (emphasis added). It is Beckwith who is now attempting to recharacterize and re-write his previous unqualified admission. *See* Dkt. 74 at 8 ("Beckwith admitted and does not dispute that the Complaint was ***fax*** filed on that date") (emphasis added); *see also id.* at 9 (arguing that Beckwith's admission his complaint was "filed" on January 22, 2016 does not mean "it was filed *and accepted* on January 22, 2016") (emphasis in original); *but see Sebelius v. Cloer,* 569 U.S. 369, 376 (2013) ("As the term 'filed' is commonly understood, an application is filed when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.").

4

Beckwith also attempts to challenge, and explain away, his judicial admission by pointing to various other statements in the pleadings,[4] but he is not permitted to do so. *See e.g., EEOC v. Pines of Clarkston,* 2015 U.S. Dist. LEXIS 55926, *9 (E.D. Mich. Apr. 29, 2015) (distinguishing between a "judicial admission," which "is conclusive" and "ordinary evidentiary admissions, [which] in contrast, may be controverted or explained by the party.") (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)); *Greer v. Waste Connections of Tenn., Inc.*, 2023 U.S. Dist. LEXIS 208705, *2 (W.D. Tenn. Nov. 21, 2023) ("[Evidentiary admissions] may be explained or contradicted. Judicial admissions, on the other hand, may not be contradicted.").

### III. Mr. Baltz Should be Precluded from Testifying to Confidential Settlement Communications, or from Referring to those Communications to Support his Opinion About the Value of Hammervold's Claim.

Beckwith does not dispute that any of the challenged documents Mr. Baltz was provided (Tab 43, Tab 44, Tab 59, Tab 60, Tab 61) were confidential settlement communications. *Compare* Dkt. 57 at 4-6 *with* Dkt. 74 at 1-4.[5] Rule 408 clearly prohibits Mr. Baltz from relying on those communications as a basis for his opinions in this case, or from testifying to the substance of those communications. *See* Fed. R. Evid. 408; *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2012 U.S. Dist. LEXIS 164410, *17-18 (N.D. Cal. Nov. 16, 2012) (granting motion to exclude defendant's expert's opinions based on pre-suit negotiations).

Beckwith responds that Hammervold's motion is "premature" because (1) Rule 408 only excludes use of settlement communications to prove or disprove the validity or amount of a disputed claim or for impeachment; and (2) "[a]t this juncture, neither Hammervold nor the Court can fully ascertain the purpose for which Mr. Baltz may testify on this issue." Dkt. 74 at 3. But this

---

[4] *See e.g.,* Dkt. 74 at 8 ("[A] citation to [¶ 37 of the Answer] does not provide a complete narrative of the facts of the case").
[5] Indeed, Beckwith previously agreed that an unredacted copy of these documents should be stricken from the docket because the communications were confidential. *See* Dkts. 58 and 59.

has no merit. First, Mr. Baltz was "retained to determine the value of the legal services that attorney, Mark Hammervold, provided to his client, Larry Beckwith [in *Lattimore*]." Dkt. 57-1 at 1. Mr. Baltz cites Tab 43 specifically in reference to the "the rate scale Mr. Hammervold proposed in his emails to counsel [discussing the settlement value his quantum meruit claim]" as part of his opinion about the proper value of Hammervold's claim. *Id.* at 5. Thus, Mr. Baltz is impermissibly relying on confidential settlement communications for a prohibited use: the "amount of a disputed claim." Fed. R. Evid. 408(a). Beckwith has not offered any other possibly legitimate reason or purpose that Mr. Baltz could have to rely on, or testifying to, the confidential settlement communications at issue. *See* Dkt. 74 at 1-3.

**IV. Hammervold's Motion is Procedurally Appropriate and Ripe for Resolution.**

Beckwith argues that Hammervold's motion is "both premature and is more suited for a motion in limine." Dkt. 74 at 1. Beckwith is mistaken.

Beckwith does not address or challenge the authorities Hammervold previously cited in his motion demonstrating that a *Daubert* motion is appropriately raised and resolved at the summary judgment stage. *Compare* Dkt. 57 at 4 (citing *Pluck v. BP Oil Pipeline Co.,* 640 F.3d 671, 680-681 (6th Cir. 2011) and *Taylor Precision Prods. v. Larimer Grp., Inc.*, 2018 U.S. Dist. LEXIS 221784, *93 (S.D.N.Y. Mar. 26, 2018)) *with* Dkt. 74 at 1-3 (ignoring those cases). The cases Beckwith cites to argue otherwise are inapposite. In *Harrison v. Scripss Networks, Inc.*, the plaintiff moved to limit the testimony of an expert on laundry list of topics in advance of the pre-trial conference. 2005 WL 8161998, *1 (E.D. Tenn. Jul. 5, 2005). Although the defendants opposed the "restrictions" the plaintiff sought to impose, they are not identified in the order. *Id.* The court postponed ruling until trial because "it is premature to assess what is acceptable ***in this area***," again without specifying what the specific restrictions or issues were. *Id.* (emphasis added). The

6

case clearly does not support the broader principle that trial judges can never exclude or limit any expert testimony before trial. In *Pridemore-Turner v. Univ. Health Syst.*, the court declined to grant a motion to "limit the number of Defendants' Expert Witnesses" "at this stage of the litigation" because "[d]espite the similarities in the experts' written reports, it does not appear that Defendants intend to offer identical expert testimony at trial." 2021 U.S. Dist. LEXIS 249951, *1, 6 (E.D. Tenn. Oct. 13, 2021).

Beckwith claims that a motion to strike is not the procedurally correct motion to address the expert report Beckwith filed and relied upon as evidence in support of his motion for summary judgment, *see* Dkt. 74 at 3, but yet again, Beckwith is wrong. *See e.g.*, *Summerland v. County of Livingston*, 240 Fed. Appx. 70, 81 (6th Cir. Aug. 27, 2007) (affirming trial court's striking of expert report at summary judgment stage because the plaintiff's expert contained improper legal conclusions and went "beyond" permissible testimony merely suggesting the answer to the ultimate issue); *Menifee v. City of Columbia*, 2009 U.S. Dist. LEXIS 37941, *30 (MD. Tenn. May 6, 2009) (granting plaintiff's motion to strike expert report because expert impermissibly offered legal conclusion on the reasonableness of excessive force).[6]

Even if Beckwith is correct that Hammervold's motion should have been labeled as a "motion in limine," rather than a "motion to strike," this Court should just decide Hammervold's motion as a motion in limine on its merits. *See Porter v. Hamilton Beach/Proctor-Silex, Inc.*, 2003

---

[6] Beckwith's citation to *Maxum Indemnity Co. v. Drive West Inc. Servs., Inc.* is inapposite because that case involved a motion to strike an expert report that had been disclosed after the deadline. 2014 U.S. Dist. LEXIS 196740, *3-4 (S.D. Ohio Jun. 13, 2014). The Court may have considered the motion to strike "premature" because the disclosing party had not yet attempted to offer testimony from that expert. *See Shires v. King,* 2006 U.S. Dist. LEXIS 114106, *2 (E.D. Tenn. Dec. 20, 2006) (cited by Beckwith at Dkt. 74 at 2, n. 1) (denying motion in limine to exclude expert opinions not included in an expert report as "premature," but noting that "the motion could be renewed at a more appropriate time if indeed any of the defendants' experts undertook to offer any opinions beyond that disclosed in a Rule 26 Report."). Here, Beckwith is seeking to affirmatively rely on Mr. Baltz's Report to support his motion for summary judgment, including the very opinions challenged by Hammervold's motion.

7

U.S. Dist. LEXIS 14089, *7 (W.D. Tenn. Jul. 28, 2003) (treating defendant's motion to strike supplementary expert report as a motion in limine and granting that motion in part).

RESPECTFULLY SUBMITTED:

**s/Mark Hammervold**
Mark Hammervold, TN #31147
155 S. Lawndale Ave.
Elmhurst, IL 60126
mark@hammervoldlaw.com

*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2024, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF and email to the following counsel of record for the Defendant:

> Jamie Cotter (cotter@spencerfane.com) (*pro hac vice*)
> Bethany Vanhooser (bvanhooser@spencerfane.com)
> Spencer Fane LLP
> *Attorneys for Defendant*

*/s/ Mark Hammervold*
