IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| MARK HAMMERVOLD; | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | No. 3:22-CV-01053 |
| v. | § | |
| | § | |
| LARRY BECKWITH; | § | |
| | § | |
| Defendant | § | |
| | § | |

**PLATINIFF'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
THE LATE-FILED DECLARATION OF KEVIN BALTZ**

Pursuant to this Court's August 2, 2024 Order, Dkt. 78, Plaintiff Mark Hammervold hereby submits this Supplemental Response to Defendant's Motion for Summary Judgment and the Late-Filed Declaration of Kevin Baltz.

In his motion for summary judgment, Beckwith argues that he is entitled to partial summary judgment – limiting Hammervold's quantum meruit claim to $4,500 – because Beckwith argues that "[a]ll work Hammervold did after [January 22, 2016] was to avoid a malpractice claim due to the untimely filing of the complaint." *See* MSJ, Dkt. 51, at 4, 14. Beckwith primarily relies on Kevin Baltz's late-filed declaration for this argument.

Hammervold previously addressed this argument in his initial opposition to Defendant's motion for summary judgment. *See* Dkt. 66 at §§ II, III. Hammervold also previously moved to exclude the portion of Mr. Baltz's opinion upon which Beckwith relies for this argument. *See* Dkt. 57, 79.

1

Hammervold submits his response on this issue as follows:

First, Beckwith concedes that he is not asserting that Hammervold committed any malpractice. *See* Dkt. 67 at ¶ 7 (Hammervold did not commit any malpractice); Dkt. 76 at 2 ("Hammervold. . .incorrectly asserts that Beckwith is arguing that Hammervold committed 'malpractice. . .'"); *see also id.* at 3-4 ("Beckwith is not asking this Court to decide that Hammervold committed malpractice."). Furthermore, Beckwith also concedes that Hammervold timely filed his complaint against Lattimore. *See* Dkt. 67 at ¶ 5 (Beckwith's complaint was timely filed); Dkt. 74 at 10 ("the [Baltz] Report does not present an argument that the complaint in the underlying state case was *untimely* filed as a matter of law."); *see also* Dkt. 75 (attempting to argue that "the issue in this case is not whether the state court complaint was timely filed in accordance with the statute of limitations").

These concessions are fatal to Beckwith's argument that Hammervold does not deserve any compensation for his work from January 22, 2016 to July 25, 2019. Since Judge Binkley's erroneous dismissal of Beckwith's complaint – and not any legal malpractice by Hammervold – proximately created the need for the appeal, Hammervold should be entitled to a quantum meruit fee because his continued representation through the successful appeal created significant value for Beckwith. *See* Supplemental Hammervold Declaration, ¶ 2 (attached as **Exhibit 1**).

Beckwith attempts to thread the needle between conceding that Hammervold timely filed his complaint (and therefore, committed no malpractice), but still arguing that Hammervold somehow still deserves no compensation for his work from January 22, 2016 to July 25, 2019. However, his logic is entirely flawed.

The erroneous dismissal of the complaint created the need for Beckwith to appeal. Had Beckwith terminated Hammervold, and hired another attorney to handle that appeal, Beckwith

would have needed to pay that other attorney a lot of money to handle that appeal. But Beckwith would not have been able to recover anything against Hammervold or force Hammervold to pay that cost because Hammervold he concedes that Hammervold did not commit any malpractice. As such, it makes no sense to argue that Hammervold's successful representation of Beckwith through the appeal had no value to Beckwith. *See also* MTD Order, Dkt. 28 at 12 ("[T]he circumstances as alleged by Hammervold demonstrate that it would be unjust for Beckwith to retain the benefit of [Hammervold's] services – in the form of a viable and valuable claim against Lattimore – without paying for them.").

Beckwith has not presented any legal authority – or even common sense explanation – as to why Hammervold would have no liability to Beckwith on January 22, 2016 for any legal malpractice, but somehow it would be fair (or required as a matter of law) to require Hammervold to work for Beckwith from January 22, 2016 to July 25, 2019 for *free*.

Second, even if this Court denies Hammervold's motion to strike or limit Baltz's testimony, Hammervold's arguments in that motion at least demonstrate a genuine dispute of fact for trial. *See* Dkt. 57, 79.

Third, Mr. Baltz's report and testimony at issue is entirely based on a factual assumption that 100% of Hammervold's work after January 22, 2016 was related to motion practice and an appeal regarding the timeliness of Beckwith's complaint. *See* Ex. 57-1 at 6. However, this assumption is incorrect, as Hammervold did other work on Beckwith's behalf from which he clearly benefitted, including defeating another dispositive motion based on purported deficient service of process and obtaining an order revising, in part, another incorrect basis for summary judgment. *See* Supplemental Hammervold Declaration ¶ 3.

3

Fourth, Baltz's analysis of the damages that should be awarded for the quantum meruit claim is based purely on a loadstar method for the amount of time he estimates Hammervold expended. This is a legally incorrect method to evaluate the value of a quantum meruit claim. *See* MSJ Resp., Dkt. 66 § III.

Fifth, Baltz's report and testimony uses an hourly rate of only $250 per hour for Hammervold. *See* Dkt. 57-1 at 5. This is based on the fact that Mr. Baltz billed a "similar associate (2012 licensed attorney) at the hourly rate of $235.00 per hour in 2016. *Id.* This rate is far too low for Hammervold for several reasons. First, Hammervold was acting as lead counsel in a case worth millions of dollars. *See* Hammervold Declaration, Dkt. 63, ¶ 68. Lead counsel for the defendant – over whom Hammervold prevailed in the appeal – was charging a billable rate of $600 per hour. Suppl. Hammervold Decl. ¶ 4 and Ex. A thereto. Second, Hammervold's work was performed on a contingency basis, and Hammervold has had to wait over eight and a half years and still has not been paid for that work. *See e.g., Wess v. Storey,* 2011 U.S. Dist. LEXIS 41050, *28 (S.D. Ohio Apr. 14, 2011) ("[I]t is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.") (citing Richard Posner, Economic Analysis of Law, 21.9, at 534-35 (3d ed. 1986)); *see also In re Estate of Fetterman v. King,* 206 S.W.3d 436, 446-447 (Tenn. Ct. App. 2006) (affirming award of pre-judgment interest in quantum meruit claim for legal services). Third, Hammervold was asked to perform work on an exigent basis and dropped everything to do so. *See* Suppl. Hammervold Decl. ¶ 5; Baltz Report, Dkt. 57-1 at 5 (estimating Hammervold performed 18 hours of work within his first 24 hours of involvement); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) ("Priority work that delays the lawyer's other legal

4

work is entitled to some premium."). Fourth, Hammervold performed work for Beckwith in 2016, 2017, 2018 and 2019, not just 2016, so a 2016 rate would not be fair.

RESPECTFULLY SUBMITTED:

**s/Mark Hammervold**
Mark Hammervold, TN #31147
155 S. Lawndale Ave.
Elmhurst, IL 60126
mark@hammervoldlaw.com

*Pro Se Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 15, 2024, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF and email to the following counsel of record for the Defendant:

> Jamie Cotter (cotter@spencerfane.com) (*pro hac vice*)
> Bethany Vanhooser (bvanhooser@spencerfane.com)
> Spencer Fane LLP
> *Attorneys for Defendant*

*/s/ Mark Hammervold*