## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARK HAMMERVOLD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-01053** |
| | ) | **Judge Aleta A. Trauger** |
| **LARRY BECKWITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

For the reasons set forth herein, defendant Larry Beckwith's Motion for Summary Judgment (Doc. No. 50), seeking judgment in his favor on plaintiff Mark Hammervold's *quantum meruit* claim against him to recover compensation for the value of legal services he provided to Beckwith from 2016 through 2019, is **DENIED**.

Plaintiff Mark Hammervold's Motion to Limit the Testimony of Defendant's Retained Expert Witness Kevin Balz (Doc. No. 57), which the court did not consider in ruling on the Motion for Summary Judgment, is **DENIED WITHOUT PREJUDICE** to the plaintiff's ability to file a pretrial motion in limine to limit Balz's testimony.

This case is presently set for a bench trial beginning December 3, 2024. An issue not raised by the defendant's Motion for Summary Judgment but implicitly recognized by the plaintiff is that the plaintiff's claim for damages remains dependent on whether Beckwith ultimately recovers damages in the underlying lawsuit, whether through settlement or entry of judgment. (*See, e.g.*, Doc. No. 62, Hammervold Sealed Decl. ¶ 73 ("Beckwith has refused to acknowledge that I will be entitled to any portion of an eventual recovery against Lattimore."); Doc. No. 53-1, Engagement

Agreement at 2, 3 ("If you do not receive a settlement, judgment, or award we do not receive a fee. . . . If you terminate the representation before the conclusion of the matter, we will additionally be entitled to receive from the proceeds of any recovery a reasonable fee for the work we have performed, based upon [a number of factors].").) In other words, until the underlying lawsuit is resolved, Hammervold cannot establish his entitlement to a fee or the amount thereof. A stay of this lawsuit may be required unless the underlying lawsuit has been, or will soon be, resolved.

Accordingly, the defendant **SHALL FILE** a status report regarding the posture of the underlying lawsuit within **7 days** of the entry of this Order.[1] If it has not been resolved and is not expected to be resolved prior to December 3, 2024, the court will enter an order staying this lawsuit, to be lifted upon resolution of the underlying lawsuit.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] The underlying lawsuit has apparently been completely sealed, as no information about it is publicly available from the Williamson County Circuit Court's website.