IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK HAMMERVOLD; | § |
| **Plaintiff** | § |
| v. | § No. 3:22-CV-01053 |
| LARRY BECKWITH; | § |
| **Defendant** | § |

## PLAINTIFF'S UNOPPOSED MOTION TO REOPEN AND SET CASE FOR TRIAL

The Plaintiff, Mark Hammervold, hereby requests this Court reopen this case and set it for trial on the earliest available date. The Defendant does not oppose this motion.

This case was previously set for trial on December 3, 2024. Dkt. 43. On September 23, 2024, this Court administratively stayed and closed this case pending the result of the underlying state court case, *Larry Beckwith v. Lattimore Black, Morgan & Cain P.C.,* No. 2016-40. Dkt. 86.

The Court did so because it recognized that since Plaintiff had represented Defendant on a contingency fee agreement, "the plaintiff's claim for damages remains dependent on whether Beckwith ultimately recovers damages in the underlying lawsuit, whether through settlement or entry of judgment. . . . In other words, until the underlying lawsuit is resolved, Hammervold cannot establish his entitlement to a fee or the amount thereof." Dkt. 84 at 1-2.

Defendant previously reported that the underlying state court case was set for trial beginning on July 14, 2025. Dkt. 85.

On July 17, 2025, Plaintiff learned that Defendant had finalized a settlement of his claims in the underlying state court case on July 1, 2025. Dkt. 88.

1

Since the Defendant has now settled his claims in the underlying state court case, Hammervold can now establish his entitlement to a fee, as well as the amount of that fee. *See* Dkt. 84; *see also* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Dkt. 66, at 16-19 (demonstrating that where an attorney previously worked on a contingency fee, but was dismissed and replaced with another lawyer, courts will often determine the predecessor attorney's quantum meruit fee based on a percentage of the judgment or settlement).

As such, this Court should reopen the case and set it for trial on the earliest available date. The case is ready to be set for trial at the earliest available date because – at the time the case was stayed – the Parties had already completed discovery. The only remaining deadlines were for final pre-trial exchanges and filings. *See* Dkt. 43.

RESPECTFULLY SUBMITTED:

**s/Mark Hammervold**[1]
Mark Hammervold, TN #31147
155 S. Lawndale Ave.
Elmhurst, IL 60126
mark@hammervoldlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2025, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF and by email to the following counsel of record:

Jamie Cotter (cotter@spencerfane.com) (*pro hac vice*)
Bethany Stewart[2] (bstewart@spencerfane.com)
Spencer Fane LLP
*Attorneys for Defendant*

*/s/ Mark Hammervold*

---

[1] Mark Hammervold is admitted to practice in this district, but is representing himself *pro se* in this case.
[2] f/k/a Bethany Vanhooser