IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK HAMMERVOLD, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 3:22-CV-01053 |
| LARRY BECKWITH, | ) |
| Defendant. | ) |

**RESPONSE TO AUGUST 8, 2025, ORDER
AND MOTION TO RECONSIDER, OR ALTERNATIVELY, FOR DEFENDANT TO
APPEAR VIA VIDEO CONFERENCE**

As an initial matter, pursuant to the Order entered August 8, 2025 ("the Order"), Defendant Larry Beckwith ("Mr. Beckwith" or "Defendant"), by and through counsel, hereby states that Defendant cannot be reasonably prepared for trial of this matter by the August dates provided by the Court, which begin eighteen (18) days from the date of the Order.

Moreover, Beckwith respectfully requests that this Court re-consider its decision to deny Mr. Beckwith the initial relief sought, which is to continue the trial of this matter due to Mr. Beckwith's unavailability on the presently set trial dates. The bench trial is currently set to begin on November 12, 2025, and last for two days. Alternatively, if the Court declines to reset the November 12 trial date, to the extent he testifies, Defendant seeks permission to appear and testify via video conference.

Pursuant to Local Rule 7.01(a), undersigned counsel has conferred with Hammervold (*pro se*) regarding the relief requested. Hammervold opposes Defendant's request for the Court to reconsider its decision not to continue the trial but does not oppose Defendant's request for permission to testify or appear via video conference if he testifies.

1

## RELEVANT BACKGROUND

On July 18, 2025, Defendant filed a Motion for Expedited Status Conference to discuss the procedural implications of Hammervold's actions set forth in that Motion. (Dkt. No. 91.) Thereafter, on July 21, 2025, the Court granted Defendant's Motion for a status conference (Dkt. No. 95.) At the time the Court set the status conference, the Court's Order setting the status conference did not indicate that the Court would set the case for trial during that conference nor was that the relief Defendant's Motion for Expedited Status Conference sought. (Dkt. No. 95.) On July 23, 2025, the Parties attended a status conference with the Court during which the Court set the two-day bench trial to begin on November 12, 2025. (Dkt. No. 100.)

Immediately after the July 23, 2025, status conference, Defendant's counsel was informed by Defendant, Mr. Beckwith, that he has previously booked and paid for an international trip during the November 12-13, 2025, trial dates. Mr. Beckwith also provided additional dates that he was available for trial. Mr. Beckwith's international trip is with family and friends and involves multiple travel itineraries and reservations in addition to his own. Within three business days of the status conference, Mr. Beckwith's counsel contacted Plaintiff alerting him to Defendant's unavailability and inquiring whether he would oppose a continuance based on Mr. Beckwith's unavailability. After hearing from Plaintiff, Mr. Beckwith's counsel contacted the Court for additional trial dates in order to provide alternative dates in the Motion to Continue. Promptly after receiving those dates, Mr. Beckwith's counsel contacted his expert regarding availability during the alternative dates and proceeded with filing his Motion to Continue.

## STANDARD

"Rule 16(b) gives district courts broad discretion to manage the schedule by which litigation takes place." *HLFIP Holding, Inc. v. Rutherford Cty., Tenn.*, No. 3:19-cv-00714, 2021 WL 6498858, at *12 (M.D. Tenn. Nov. 15, 2021). The "primary" consideration "'of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements' and that possible prejudice to the party opposing modification of those requirements is merely 'another relevant consideration[.]'" *Id.* "The fact that such prejudice is not *required* is indicated both by its being declared merely 'relevant' (as opposed to required) and by its subordination in importance to the moving party's due diligence." *Id.*

## ARGUMENT

A. *Reconsideration of Resetting the Trial Dates*

Here, Defendant has shown good cause to continue the trial dates. The requested continuance is not a result of lack of diligence to meet the Court's set trial deadline. Here, the Court granted the Defendant's Motion to Set a Status Conference relating to other issues in the case. During that status conference, the Court asked counsel to provide their availability for a trial date. At the time, Defendant's counsel was not aware of Mr. Beckwith's pre-existing international trip and prior to the status conference, counsel was not provided notice that trial would be set at the conference. Within three business days of the status conference, Mr. Beckwith's counsel contacted Plaintiff alerting him to Defendant's unavailability and inquiring whether he would oppose the requested relief. After hearing from Plaintiff, Mr. Beckwith's counsel contacted the Court for additional trial dates to provide alternative dates in Defendant's Motion to Continue. Promptly after receiving those dates, Mr. Beckwith's counsel contacted his expert regarding availability during the alternative dates and filed the Motion to Continue.

The facts here are clearly distinguishable from the cases cited by Plaintiff in his opposition to Defendant's Motion to Continue. Plaintiff cites *Precision Tracking Solutions, Inc. v. Spireon, Inc.* in support of his contention that convenience and preference of a party is insufficient to move a trial date. In that case, the court noted that the party requesting a continuance had *not* stated that the trial date was "an unworkable date for their witnesses or due to a family conflict." *Precision Tracking Solutions, Inc. v. Spireon, Inc.*, No. 3:12–CV–626–PLR–CCS, 2015 WL 5703279, at *3 (E.D. Tenn. Sept. 28, 2015). Moreover, the court noted that the case was considered under the standard of excusable neglect because it would require resetting numerous, then-expired deadlines. *Id.* Here, resetting the trial would not require extending any expired deadlines and Defendant has provided the Court with an explanation as to why a continuance is needed.

In his response, Plaintiff also cites several other cases where a party's requested continuance was denied. However, each of those cases is likewise distinguishable from the present facts. *See, e.g.*, *Zamora v. BMW of N. Am., LLC*, Case No. 2:20-cv-00838 CJC, 2022 U.S. Dist. LEXIS 94242, at *3 (May 25, 2022, C.D. Cal.) (Counsel had a previously scheduled vacation on the date that trial was set. Months after the trial was set, counsel asked for a continuance. The court noted that it presumed that counsel's vacation was scheduled *after* the trial was set. Moreover, prejudice to the other party was shown because its counsel had another trial set for the alternative dates provided by the moving party.); *Shafer v. C.R. Bard, Inc.*, No. C20-1056RSM, 2021 WL 4441428, at *1 (W.D. Wash. Sept. 28, 2021) (The court denied a continuance because *after* the trial was set, counsel reset another trial on a conflicting date. Counsel did not provide an explanation as to why they scheduled a trial on conflicting days *after* the present trial was set nor did counsel provide a reason that the continuance was not requested at the time the conflict arose, but was instead requested approximately nine months later.); *United States v. Kuhn*, No. 3:19-po-

4

00067, 2019 LEXIS 185959 (D. Or. Jul. 31, 2019) (The court denied a continuance due to multiple past continuances and counsel's prior indication that this would be the "firm" trial date and counsel's affirmative representation that all witnesses were available on this date. Despite this representation, shortly thereafter, counsel sought an extension due to the availability of a witness that had a pre-planned vacation. The court noted that the other party would suffer prejudice due to his work schedule and the other party's counsel would not be available on the date of the requested continuance.). Here, unlike these cases cited by Plaintiff, Mr. Beckwith had a previously scheduled international trip and Defendant's counsel promptly notified Plaintiff and proceeded to file a Motion to continue within a short period of time, well in advance of the currently set trial date. Further, this is the only continuance that has been requested in this matter and no other deadlines will be impacted.

Moreover, to the extent the Court considers Plaintiff's purported prejudice in continuing the trial, Plaintiff has not shown prejudice. This case has been pending since 2022 and was only re-opened by the Court on July 21, 2025. (Dkt. No. 95.) The case had been closed since September 23, 2024, and was re-opened a week after the underlying state court matter was resolved. (Dkt. No. 89.) As the Court is aware from prior filings, Plaintiff has placed an attorney's lien on substantial funds of Defendant. (Dkt. No. 91.) Moreover, Defendant has indicated willingness to reset this matter as soon as practicable. As indicated in his Motion to Continue, Mr. Beckwith and his counsel are available for all of the January 2026 dates provided by the Court, including January 5-7, 2026, and January 12-14, 2026. These dates are two months or less from the currently set trial date. The only purported prejudice that Plaintiff noted in his Response in opposition to the Motion

5

Case 3:22-cv-01053    Document 104    Filed 08/11/25    Page 5 of 7 PageID #: 923

to Continue is that he previously booked a Southwest flight. Southwest's policy is that there are no fees charged to change a flight after it is booked.[1]

Mr. Beckwith respectfully submits that he has established good cause for resetting this matter and that the Plaintiff will not be prejudiced by resetting the trial date within a short period after the presently set trial dates.

### B. *Permission for Defendant to Appear via Video Conference if Defendant Testifies at Trial*

Alternatively, if the Court declines to reconsider its August 8, Order and continue the presently set trial, to the extent he testifies, Mr. Beckwith seeks leave to appear and testify at the trial via video conference. Plaintiff indicated that he does not oppose this relief. Moreover, if the trial goes forward based on the current schedule and Mr. Beckwith testifies at the trial, permitting him to appear remotely is reasonable under these circumstances and would prevent Mr. Beckwith from suffering prejudice.

## CONCLUSION

While the undersigned counsel is well aware of the scheduling demands this Court faces daily, Defendant respectfully requests that the Court this Court re-consider its decision to deny Mr. Beckwith the initial relief sought, which is to continue the trial of this matter due to Mr. Beckwith's unavailability on the presently set trial dates. Alternatively, if the Court declines to reset the November 12 trial date, to the extent he testifies, Defendant seeks permission to appear and testify via video conference.

---

[1] https://support.southwest.com/helpcenter/s/article/changing-cancelling-flights#:~:text=Southwest%20doesn't%20charge%20fees,by%20following%20the%20steps%20below.

Respectfully submitted,

*/s/ Bethany M. Stewart*
Bethany Stewart (formerly Vanhooser), BPR # 038594
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
bstewart@spencerfane.com

Jamie Cotter Dickinson, *admitted pro hac vice*
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
jdickinson@spencerfane.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a correct and true copy of the foregoing document was served on the following individuals via the Court's ECF system on August 11, 2025:

Mark Hammervold
155 S. Lawndale Ave
Elmhurt, IL 60126
mark@hammervoldlaw.com

*/s/ Bethany M. Stewart*

7